IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRED J. UHLMANSIEK,

     Plaintiff,

vs.                                                                            Civ. No. 97-556 JP\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Proposed Findings

1.  This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, filed December 24, 1997.  The Commissioner denied Plaintiff's request for disability insurance benefits.  Plaintiff alleges a disability beginning on December 15, 1985 due to carcinoma of the left maxillary sinus.  On July 14, 1986, surgery was performed to remove the carcinoma. Tr. 124.  The surgery left the Plaintiff with one eye, a large cavity behind his left cheek, and the complete absence of the left side of his palate.  **Id**.  The Plaintiff wears a prosthetic device to rehabilitate the palate.  **Id**.  He claims to suffer from facial disfigurement, drooling, drainage from his left nostril and eye cavity, eye strain, fatigue, lack of depth perception, pain, and an inability to speak clearly.

2.  The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration.  After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the application.  The Appeals Council did not review the ALJ's

1

decision, thus the final decision of the Commissioner is the ALJ's decision.  Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

3.  The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence.  **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted).  Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests.  **Id**. (citation omitted).

4.  Plaintiff raises the following allegations of error with respect to the ALJ's decision:  1) the ALJ erred when he found that the Plaintiff's work as a real estate agent qualified as past relevant work; 2) the ALJ erred when he found that the Plaintiff could perform his past relevant work; 3) the ALJ failed to complete a proper step four analysis when he did not develop the record fully; and 4) the ALJ erred by not obtaining a medical expert (ME).

5.  "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity."  **Id**. at 1486 (citing 42 U.S.C. §423 (d)(1)(A).  To determine disability, the Commissioner has established a five step sequential evaluation process.  **Id**.  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled.  **Id**. (citations omitted).  Step four of the sequential evaluation process is at issue in this case.  At step four, the claimant must demonstrate that he cannot perform his past relevant work.  20 C.F.R. §404.1520.

6.  The Plaintiff argues first that the ALJ erred when he found that the Plaintiff's work as a real estate agent qualified as past relevant work.  For work to be considered past relevant work, it

must rise to the level of substantial gainful activity.  20 C.F.R. §1565(a).  When an individual is self-employed, as the Plaintiff was as a real estate agent, factors other than income must be considered in determining what is past relevant work.  20 C.F.R. §404.1575.  A self-employed claimant engages in substantial gainful activity if the "work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in [the] community who are in the same or similar businesses as their means of livelihood."  20 C.F.R. §404.1575(a)(1).

7.  The record reflects that the Plaintiff worked as a full-time real estate agent from April 1984 through at least December 15, 1985 when the cancer began to manifest itself in the loosening of teeth and infection. Tr. 59, 63, 124.  Although not paid during that time for his services[1], the Plaintiff spoke with potential clients, set up appointments, helped to show houses, spoke to mortgage companies, helped to present appraisals, installed signs, kept signs in good repair, maintained files, did all the computer work, and performed all administrative duties connected with the business.  Tr. 59, 63.  The Plaintiff fails to show that the above description of his previous work as a real estate agent was not comparable to that of unimpaired real estate agents.  Consequently, I find that the ALJ did not err when he concluded that the real estate agent work qualified as past relevant work.

8.  Next, the Plaintiff contends that the ALJ erred when he found that the Plaintiff could perform his past relevant work as a real estate agent.  The Plaintiff asserts that his alleged nonexertional impairments prevent him from returning to work as a real estate agent.  Since the cancer surgery and radiation treatments, the Plaintiff claims that he tires easily, has difficulty

---

[1]Plaintiff was a partner in his wife's real estate business.  Tr. 59, 63.

3

driving due to the loss of his eye, has difficulty speaking, needs frequent changes of cotton balls in

his nose to keep food and fluids from draining out the left nostril, needs frequent changes of eye

pads, is facially disfigured, needs frequent cleaning of the dental prosthesis, frequently drools,

lacks depth perception, is forgetful, and suffers from eye strain.  Tr. 54, 63, 65, 67, 71, 73, 76-7,

154-57.  The Commissioner argues that except for the claim of lack of depth perception[2], the ALJ

was not required to consider the above allegations of nonexertional impairments because of the

lack of a medical basis for those allegations.  The Commissioner correctly states that the claimant

has the burden of providing medical evidence that shows he has an impairment.  20 C.F.R.

§404.1512(c).  A claimant's statements regarding an impairment are not simply enough. 20 C.F.R.

§404.1528(a).  In this case, with the exception of the lack of depth perception claim, the Plaintiff

fails to support with medical evidence any of his other alleged nonexertional impairments.  Rather,

he urges the Commissioner and the Court to accept his statements as proof of these impairments.

Such a request is improper.  Consequently, I find that the ALJ did not err in that respect.

9.  The Plaintiff also argues that the ALJ failed to apply the correct step four analysis in

finding that the Plaintiff can return to his past relevant work.  "Step four of the sequential analysis,

at which the ALJ found plaintiff not disabled, is comprised of three phases.  In the first phase, the

ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC); in the

second, he must determine the physical and mental demands of the claimant's past relevant work .

. . . In the final phase, the ALJ determines whether the claimant has the ability to meet the job

demands found in phase two despite the mental and/or physical limitations found in phase one."

---

[2]The ALJ determined that the Plaintiff's residual functional capacity (RFC) was diminished
by the lack of depth perception.  Tr. 17.

**Winfrey v. Chater**, 92 F.3d 1017, 1023 (10th Cir. 1996)(citing **Henrie v. Dept. of Health &**

**Human Servs.**, 13 F.3d 359, 361 (10th Cir. 1993) and Social Security Ruling 82-62).  The

Plaintiff contends that the ALJ did not properly evaluate the Plaintiff's RFC at phase one, because

he failed to develop the record fully regarding the Plaintiff's nonexertional impairments including

pain.  **See supra**, list of various alleged nonexertional impairments.  The Plaintiff further asserts

that the ALJ did not properly determine phase two, because he failed to develop the record fully

and obtain vocational expert (VE) testimony.

       10.  The Plaintiff notes that the ALJ in this case failed to ask the Plaintiff any questions

during the administrative hearing.  The Plaintiff, however, had a nonattorney representative at the

administrative hearing who questioned the Plaintiff. Tr. 148-58. Additionally, the ALJ made an

RFC determination which recognized a limitation based on the lack of depth perception.  Tr. 17.

The Commissioner argues that the ALJ was not required to develop the record further because

the Plaintiff never presented medical evidence to support his other purported nonexertional

impairments.   "'Although a claimant has the burden of providing medical evidence proving

disability, the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material

issues.'"  **Carter v. Chater**, 73 F.3d 1019, 1021 (10th Cir. 1996)(quoting **Baca v. Dept. of**

**Health & Human Servs.**, 5 F.3d 476, 479-80 (10th Cir. 1993)(citations omitted)).  Even so, the

lack of any medical evidence in the record to support an alleged impairment does not obligate the

ALJ to further develop the record.  **Massimino v. Shalala**, 927 F.Supp. 139, 146 (S.D. N.Y.

1996); **Howell v. Sullivan**, 950 F.2d 343, 349 (7th Cir. 1991).  In this instance, the medical

record does not contain any evidence relating to any of the alleged nonexertional impairments.

Accordingly, I cannot find that the ALJ erred by not developing the record with respect to phase

one of the step four analysis.

11.   Regarding phase two, the Commissioner correctly states that VE testimony is not appropriate at this point in the sequential evaluation process.  **See Glenn v. Shalala**, 21 F.3d 983, 988 (10th Cir. 1994).  Moreover, although somewhat ambiguous, the ALJ made his phase two determination by reference to the Plaintiff's testimony and previous statements describing in some detail the demands of his past relevant work.  Tr. 15.  **See supra,** summary of Plaintiff's real estate agent job description.  Under these circumstances, I do not find that the ALJ erred at phase two by not developing the record further.  Considering the above findings regarding phases one and two, I cannot find error with the ALJ's phase three determination that the Plaintiff can return to his past relevant work as a real estate agent.

12.   The Plaintiff argues lastly that the ALJ erred by not obtaining an ME to aide in establishing an onset date for disability.  As the Commissioner notes, there is no need to establish an onset date when no disability has been found.  **See Key v. Callahan**, 109 F.3d 270, 274 (6th Cir. 1997).  Since the ALJ did not find a disability, he was not bound to obtain an ME to determine an onset date.  The ALJ, therefore, did not err by failing to obtain an ME.

Recommended Disposition

I recommend denying the Plaintiff's Motion to Reverse and Remand for a Rehearing and affirming the final decision of the Commissioner. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed

findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____

Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE